CASE NO: **16CI04079**

JEFFERSON CIRCUIT COURT
DIVISION _____

JENNIFER M. HAY                                                                           PLAINTIFF

v.                        **VERIFIED COMPLAINT**

ZIRMED, INC.
888 West Market Street
Suite 400
Louisville, Kentucky 40202
   *Serve VIA CERTIFIED MAIL, RRR*
   **Registered Agent for Service of Process**
   **JAMES S. LACY**
   888 West Market Street
   Suite 400
   Louisville, Kentucky 40202                      DEFENDANT

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
AUG 23 2016
BY _____ DEPUTY CLERK

JEFFERSON CIRCUIT COURT
DIVISION ELEVEN (11)

\*\* \*\* \*\* \*\* \*\* \*\*

Plaintiff, Jennifer M. Hay, by Counsel, and by verification brings claims against the Defendant, ZirMed, Inc. ("ZirMed"), for violations of the Family Medical Leave Act, and KRS Chapter 344, and for her causes of action herein, states as follows:

**PARTIES**       **JURY FEE PAID**

1. Plaintiff is a female who suffered from a disability requiring accommodations and Family Medical Leave, and is a citizen of Jefferson County, Kentucky.

2. Upon information and belief, Defendant ZirMed is a Delaware corporation with its principal place of business located at 888 West Market Street, Suite 400, Louisville, Kentucky 40202. Defendant is licensed and authorized to do business within the State of Kentucky, and operates its business in Jefferson County at the West Market address.

3. For all relevant times, Defendant ZirMed, was Plaintiff's employer, and qualifies as an Employer or Person as defined by the Family Medical Leave Act and the Kentucky Civil Rights Act, KRS Chapter 344.

4. This Court has jurisdiction over the Defendant ZirMed and this action as the Defendant has offices located in this county and service of process pursuant to Rules 4.01 and 4.04 of the Kentucky Rules of Civil Procedure has been made, and the amount in controversy exceeds the jurisdictional minimum of this Court.

5. Plaintiff began her employment with Defendant ZirMed in May 2014, and such employment continued successfully without substantial complaint or discipline from the Defendant ZirMed between May 2014 and January 2016.

6. In January 2016, Plaintiff was severely injured in an automobile accident. Plaintiff's injury and subsequent medical treatment between January 2016 and her termination date of April 12, 2016, required her to request reasonable accommodations for her disability and serious health condition, including but not limited to,: temporary time off work; use of alternate seating, and standing, or movement options during her at-work hours; work from home options; and pre-termination notice of a surgery and associated time off work that was to start on or about May 2016.

7. Plaintiff's requests for FMLA and accommodations were timely made, reasonable and not a burden on the Defendant's business operations in any regard.

8. At all times, Plaintiff was qualified for her job, and performed her job responsibilities at or exceeding the reasonable expectations of the employer, but because Plaintiff was being discriminated against and retaliated against on the basis of her disability, perceived disability, and/or requests for accommodations, and application for Family Medical Leave benefits, she was terminated from her employment.

9. Upon information and belief, Plaintiff has been subject to discrimination, interference, and retaliation on the basis of her disability and requests for FMLA. She has incurred

expenses and has suffered and will continue to suffer lost wages, benefits, and extreme humiliation and emotional distress due to Defendant ZirMed's wrongful actions.

## COUNT I

*Disability Discrimination in Violation of KRS Chapter 344.040*

10. Plaintiff brings this Count against Defendant for violation of KRS Chapter 344 for disability discrimination and to recover from Defendant actual and compensatory damages, costs of suit and attorney fees.

11. Plaintiff incorporates by reference the allegations of paragraphs 1 through 9 of the Verified Complaint.

12. Plaintiff is a qualified individual with a disability that substantially limits one or more of her major life activities, and/or is an individual regarded as disabled due her diagnosis and treatment for lumbar spine injury, who with or without reasonable accommodation, could perform the essential functions of the employment positions with Defendant without undue hardship on the conduct of Defendant's business.

13. Upon information and belief, Defendant discriminated against Plaintiff in violation of the Kentucky Civil Rights Act, KRS Chapter 344, by failing and refusing to employ her; failing and/or refusing to accommodate her; ultimately terminating her employment, and otherwise treating her differently than other employees all because of her disability or because it regarded Plaintiff as disabled.

14. As a direct and proximate result of Defendant's wrongful discrimination, Plaintiff has suffered mental anguish, embarrassment and humiliation, and lost wages and benefits. Plaintiff is entitled to recover for the same from Defendant.

15. Defendant's treatment of Plaintiff continues to cause, and will cause her to suffer substantial lost wages, mental anguish and substantial damages for pecuniary losses, as well as humiliation and damages to her personal dignity. Plaintiff is entitled to recover for the same from Defendant.

16. As a result of Defendant's wrongful actions, Plaintiff has incurred and is entitled to recover from Defendant her costs of suit and a reasonable amount for her attorney fees.

## COUNT II

### *Retaliation in Violation of KRS Chapter 344*

17. Plaintiff brings this Count alleging violations of Chapter 344 of the Kentucky Revised Statutes which prohibits retaliation by any person against an individual because they have opposed an unlawful practice or because they have opposed discrimination and/or complained about or participated in any manner in any investigation, proceeding or hearing. Plaintiff seeks to recover from Defendant tort compensatory and exemplary damages and costs of suit, including a reasonable attorney fee.

18. Plaintiff incorporates by reference the allegations in paragraphs 1-16 of this Verified Complaint.

19. Between February 2016, and her termination of April 12, 2016, Plaintiff engaged in a statutorily protected activity by opposing the unlawful practice of discrimination, and reporting and complaining about said discrimination.

20. Between February 2016, and April, 2016, Plaintiff made complaints that she was being discriminated against based upon her disability and retaliated against for requesting accommodations for her condition. She complained directly to managers and ZirMed representatives regarding this discrimination. The Defendant knew of these complaints about

disability, failure to accommodate her and retaliation for requesting accommodations and FMLA leave.

21. As a direct result of her opposition to discrimination, Plaintiff has suffered materially adverse employment actions including, but not limited to, unwarranted targeting, discipline, false statements and accusations regarding her work performance, the denial of other employment benefits for which she was entitled or qualified, and the termination of her employment.

22. Defendant's retaliation against Plaintiff has caused, continues to cause, and will cause her to suffer substantial damages for pecuniary losses in the form of lost wages and lost benefits, as well as substantial damages for humiliation and embarrassment, all of which she is entitled to recover from Defendant.

23. Plaintiff is entitled to receive her costs and a reasonable amount for her attorney fees incurred in this action.

## COUNT III

### *Violations under the Family and Medical Leave Act*

24. Plaintiff brings this Count for violations including interference and retaliation against the Plaintiff under the Family and Medical Leave Act and seeks to recover for lost wages, salary and employment benefits and for liquidated damages available under the FMLA.

25. Plaintiff incorporates by reference the allegations of paragraphs 1 through 23 of the Verified Complaint.

26. In or about February 2016, Defendant was on notice of Plaintiff's serious health condition and that this condition necessitated FMLA-qualifying leave. On or before March 11,

2016, Plaintiff provided written notice to the Defendant of her condition. On or about March 21, 2016, Plaintiff completed and submitted the FMLA paperwork to the Defendant.

27. Defendant, as an employer responsible for complying with the FMLA, had a duty to provide job-protected leave to Plaintiff, and not to interfere or retaliate against Plaintiff for notifying of the leave, applying for the leave, the need for the leave, or the intent to take the FMLA leave.

28. Defendant interfered with Plaintiff's leave, and otherwise retaliated against Plaintiff by disciplining her, refusing her accommodations, and ultimately terminating her for pursuing and taking leave.

29. Defendant's actions and omissions constitute an interference and/or retaliation against Plaintiff's rights under the FMLA and resulted in a loss of employment, loss of wages, salary and employment benefits.

30. Defendant's actions and omissions were not made in good faith, therefore she is entitled to damages and liquidated damages under the FMLA.

31. Plaintiff is entitled to collect from Defendant her attorney fees and costs.

**WHEREFORE**, Plaintiff, Jennifer M. Hay, respectfully demands judgment against the Defendant, ZirMed, Inc. on each of her claims as follows:

1. Actual and compensatory damages in an amount to be presented at trial on each Count;

2. Reimbursement for costs and attorneys' fees expended herein;

3. Punitive Damages as determined by the jury;

4. Trial by jury; and

5. All other relief to which Plaintiff may appear entitled.

Dated: August 12, 2016

Respectfully submitted,

GWIN STEINMETZ & BAIRD, LLC

By: _____
Callie E. Walton, Esq.
401 West Main Street
Suite 1000
Louisville, Kentucky 40202
Email: cwalton@goldbergsimpson.com
*Counsel for Plaintiff*

## VERIFICATION

Plaintiff, JENNIFER M. HAY, states that she has read the foregoing Verified Complaint, and that the factual statements contained therein are true and correct to her knowledge, understanding and belief.

_____
JENNIFER M. HAY

COMMONWEALTH OF KENTUCKY    )
                             )SS
COUNTY OF JEFFERSON          )

Subscribed and sworn to before me by Plaintiff, JENNIFER M. HAY, on this _12_ day of AUGUST, 2016.

_____
Notary Public
My Commission Expires: Dec 4, 2019

FILED IN CLERK'S OFF.
JEFFERSON CIRCUIT CT.

2016 AUG 31  AM 10:48

CLERK 5

D.C.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Amy Oliver_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>                                                    8-26-16 |
| 1. Article Addressed to:<br>James S. Lacy<br>888 West Market Street<br>Suite 400<br>Louisville, KY 40202 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>**16 C I 0 4 0 7 9**<br><br>3. Service Type<br>   ☒ Certified Mail   ☐ Express Mail<br>   ☐ Registered      ☐ Return Receipt for Merchandise<br>   ☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7009 0960 0001 0804 3766 |
| PS Form 3811, February 2004 | Domestic Return Receipt    102595-02-M-1540 |